# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER KIRK NICKLESS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8104** |
| **BURL CAIN, WARDEN** | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the instant petition be **DENIED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I. PROCEDURAL HISTORY**[1]

Petitioner, Walter Kirk Nickless, is a prisoner presently incarcerated in the Louisiana State Penitentiary, located in Angola, Louisiana. On May 19, 1998, trial by jury was commenced in the Twenty-First Judicial District Court for the Parish of Tangipahoa against petitioner on the charge of second-degree murder, in violation of La. R.S. 14:30.1.[2] On May 22, 1998, the jury found petitioner guilty as charged.[3] On that same date, petitioner was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.[4]

On July 10, 2002, the state district court granted petitioner an out-of-time appeal.[5] On September 26, 2003, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Nickless*, Number 2002 KA 2466 (La. App. 1 Cir. Sept. 26, 2003) (unpublished opinion). On April 23, 2004, the Louisiana Supreme Court denied petitioner's writ application. *State v. Nickless*, 870 So.2d 296 (La. 2004).

---

[1] A portion of the procedural history was taken from the Louisiana First Circuit Court of Appeal's unpublished decision, *State v. Nickless,* Number 2002 KA 2466 (La. App. 1 Cir. Sept. 26, 2003).

[2] State rec., vol. 2 of 6, p. 227.

[3] State rec., vol. 6 of 6, pp. 931-932.

[4] State rec., vol. 6 of 6, p. 933.

[5] State rec., vol. 6 of 6, p. 1062.

Following the completion of his direct appeal proceedings, petitioner sought post-conviction relief. Petitioner's effort in this regard culminated on September 15, 2006, when the Louisiana Supreme Court denied his writ application. *State v. Nickless*, 936 So.2d 1256 (La. 2006).

On October 6, 2006, petitioner signed the instant federal habeas corpus action, arguing: 1) He was denied due process as a result of the State's failure to disclose the complete criminal record of witness, Donald "Joey" Davis" and failure to disclose the existence of a witness;[6] 2) The State introduced and failed to correct evidence which it knew or should have known was false;[7] 3) The trial court erred in denying defendant's motion for production of statements taken from Donald "Joey" Davis; 4) He was denied effective assistance of counsel; and, 5) The state courts erred in denying petitioner relief based upon the grounds set forth in his appeal.[8]

## II. TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within

---

[6] Claim 1) encompasses grounds one and seven as set forth in petitioner's listing of grounds for relief.

[7] Claim 2) encompasses the grounds enumerated in petitioner's listing of grounds for relief as grounds two, five, six, eight and nine.

[8] Petitioner provides no memorandum in support of the above-enumerated claims. Instead, petitioner, in support of his federal habeas claims, merely attaches to his federal habeas application copies of pleadings filed in connection with his state court proceedings.

one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9] *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. The Supreme Court, in *Jimenez v. Quarterman*, __ U.S. __, 129 S.Ct. 681, 686, 172 L.Ed.2d 475 (2009), determined that a state court's grant of a right to file an out-of-time appeal resets the date when a conviction becomes "final" under the AEDPA. Thus, petitioner's conviction did not become final until April 23, 2004, when the Louisiana Supreme Court denied his writ application in connection with his out-of-time appeal. Petitioner's time for seeking review did not expire until July 22, 2004, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 77 (2000). Thus, petitioner had a year from July 22, 2004, or until July 22, 2005, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on October 6, 2006, over a year after his July 22, 2005 deadline. Thus, petitioner's federal habeas corpus application is subject to dismissal as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review

---

[9] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner, via counsel, filed a post-conviction application with the state district court on March 9, 2005, at which point, he had approximately four and half months remaining of his one-year prescriptive period.[10] Petitioner's post-conviction application remained pending and, therefore, continued to toll prescription, until September 15, 2006, when the Louisiana Supreme Court denied his writ application. *Nickless*, 936 So.2d 1256. Petitioner waited less than a month, until October 6, 2006, before filing the instant habeas action. Accordingly, the above-captioned matter is timely.

## III. EXHAUSTION

It is well-established that a federal habeas petitioner must first exhaust state court remedies by bringing his claims before the state courts before proceeding to federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A review of the state court pleadings petitioner has provided to this court in support of his federal claims reflects that petitioner did not raise before the state courts his enumerated ground seven, that the prosecution failed to disclose the existence of a witness who allegedly saw the victim alive "over an hour after state witness Donald "Joey" Davis said defendant had killed the victem

---

[10] A copy of petitioner's March 9, 2005 post-conviction application is attached to petitioner's federal habeas application (rec. doc. 1).

[sic]".[11] The court must dismiss petitions which contain unexhausted claims, including those "mixed" petitions which contain both exhausted and unexhausted claims. *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199. Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the instant application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[12]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  30th  day of    April   , 2009.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[11]Rec. doc. 1.

[12]If petitioner decides to abandon his unexhausted claim, he should notify the court of his decision within ten days and the magistrate judge will consider the merits of petitioner's exhausted claims.