# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER KIRK NICKLESS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8104** |
| **BURL CAIN, WARDEN** | **SECTION "S"(6)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

BACKGROUND

Petitioner, Walter Kirk Nickless, following trial by jury in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, was found guilty of second-degree murder and was sentenced to life imprisonment.[1] Following the affirmance of his conviction and sentence on direct appeal and his failure to obtain state post-conviction relief, Nickless filed the above-captioned action with this Court seeking federal habeas corpus relief in connection with his state court conviction. On April 30, 2009, the magistrate judge issued a Report and Recommendation (rec. doc. 10), recommending that Nickless's habeas corpus petition be dismissed without prejudice due to petitioner's failure to exhaust his state court

---

[1] State rec., vol. 6 of 6, pp. 931-933.

remedies. This matter is before the Court pursuant to Nickless's Objections (rec. doc. 11) to the Magistrate Judge's Report and Recommendation.

ANALYSIS

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). The court must dismiss petitions which contain unexhausted claims, including those "mixed" petitions which contain both exhausted and unexhausted claims. *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199. To satisfy this exhaustion requirement, a petitioner must "fairly present his claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). As the Supreme Court explained in *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.... We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

In his Objections, Nickless asserts that at each level of his state court proceedings he filed supplemental pro se memoranda containing all of the grounds for relief set forth in the instant habeas petition. As such, Nickless contends that "[r]egardless of whether the [state] courts replied/responded to my supplements," said claims "were nonetheless filed with the

2

express leave of said courts, and done so in a timely manner"; therefore, Nickless submits that he has exhausted his state court remedies. (Rec. doc. 11, p. 1).

Nickless is correct in his assertion that regardless of whether or not the state courts addressed his arguments, if they were properly raised, then he has indeed exhausted his state court remedies. *See Houston v. Estelle*, 569 F.2d 372, 375 (5th Cir. 1978) (quotation omitted) ("[W]hether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in the petitioner's brief in the same court....") However, as shown below, contrary to Nickless's assertion, one of the claims set forth in the instant habeas petition was not "squarely raised" in Nickless's state supplemental pro se memoranda or, for that matter, in the memoranda filed by his counsel, copies of which Nickless has attached to his habeas petition.

The claim at issue, raised in Nickless's federal habeas petition as "Ground Seven", is:

> Prosecution failed to disclose the fact of an additional witness who saw [the] victem [sic] alive and alone over an hour after state witness Donald "Joey" Davis said defendant had killed the victem [sic], said documented witness agtreeing [sic] with [a] report taken from Ms. Taylor on the day of the vitems [sic] demise. [Rec. doc. 1, p. 5.]

A review of the pertinent memoranda reveals that Nickless raised several claims regarding various accounts of when the victim died and how they contradicted state witness Davis's trial testimony that Nickless proceeded to the victim's home to shoot the victim at

3

approximately 7:30 or 7:45 a.m.[2] Nickless points to a sheriff's office investigative report (Exhibit L) wherein Melanie Taylor, the victim's daughter, reported that she had last seen her father alive, on the day of his death, at 9:30 a.m.[3] Further, Nickless points to the testimony of Dr. Alfredo Suarez, the medical examiner, who testified that the victim died immediately from his gunshot wound[4] and Dr. Suarez's medical report (Exhibit P) wherein the doctor estimated the victim's time of death as 1:00 p.m.

While these arguments, no doubt, cast doubt upon the veracity of Davis's account of when petitioner allegedly set off to shoot the victim, they do not encompass the claim at issue, namely, that the prosecution failed to disclose a witness whose account of events contradicted Davis's account as to when petitioner shot the victim. "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citation omitted).

Accordingly;

---

[2] *See* State rec., vol. 4 of 6, trial transcript at p. 468.

[3] This report, however, is contradicted by Melanie Taylor's testimony at trial where she stated that she last saw her father alive at around 8:15 or 8:30 a.m. *See* State rec., vol. 2 of 6, trial transcript at p. 108.

[4] *See* State rec., vol. 3 of 6, trial transcript at p. 266.

4

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the instant application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[5]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  27th  day of    July   , 2009.

                                             _____
                                             LOUIS MOORE, JR.
                                             United States Magistrate Judge

---

[5] If petitioner decides to abandon his unexhausted claim, he should notify the court of his decision within ten days and the magistrate judge will consider the merits of petitioner's exhausted claims.